# AFFIDAVIT

This Affiant, Adam Baldwin, Special Agent, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), being duly sworn, states the following:

1. I, Adam Baldwin, am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and have been so employed since August 2014. In addition to my employment with ATF, I have over three years of law enforcement experience with the Pentagon Force Protection Agency (PFPA). During my tenure with PFPA, I served two years as a police officer in multiple capacities, to include patrol, surveillance detection, and as a law enforcement liaison to the Director of PFPA. I additionally served approximately one year as a special agent with PFPA, conducting complex criminal and protective intelligence investigations, as well as conducting domestic and international protective missions. I am a graduate of the Federal Law Enforcement Training Center (FLETC) Uniformed Police Training Program (UPTP), Criminal Investigator Training Program (CITP), and the ATF Special Agent Basic Training (SABT) Program. I have received specialized training with respect to narcotics and firearms violations and have been involved in numerous investigations involving violent crimes and the seizure of controlled substances. I also have a Bachelor of Science in Criminal Justice from East Tennessee State University, and a Master of Science in Criminal Justice from The University of Tennessee at Chattanooga.

2. This affidavit is submitted in support of an application for a search and seizure warrant of the residence and premises located at the following location: 3212-B 12th Avenue Chattanooga, TN 37407. The information contained in this affidavit has been obtained through observations by your Affiant, as well as from interviews with fellow law enforcement officers, and an ATF Confidential Informant (CI).

3. Based upon your Affiant's training and experience and participation in investigations involving controlled substances, your Affiant knows that when controlled substances are illegally used, manufactured, and trafficked, other supporting items and materials are usually present in addition to the controlled substances themselves. These supporting items commonly associated with the use of and trafficking of controlled substances include, but are not limited to, drug paraphernalia, scales, and packaging materials suitable for particular substance(s); records and notes (including computer and electronically stored) of controlled substance transactions; money (proceeds of or capital for controlled substance(s) transactions); firearms kept for protection; stolen property (often traded for controlled substances); electronic devices suitable for use in controlled substance transactions, recordings of such transactions, or electronic devices suitable for avoiding law enforcement.

1

4. In my training and experience, users of and traffickers in controlled substances, when hiding or transporting controlled substances or cash, commonly conceal them in several separate "stashes," often in several rooms of a building, outbuilding, vehicles, and in public or common areas which can be kept under their observation.

5. It has also been my training and experience that those who use or traffic in controlled substances, especially when law enforcement appears, will attempt to physically separate themselves from the controlled substances. They often do this by placing a controlled substance in a "neutral" location. They often employ women, juveniles, or older people as people who transport controlled substances or otherwise assist the operation. These "mules" (as they are sometimes called) hold or transport the controlled substances or cash, allowing the dealer to stay "clean." Traffickers will also often "hand off" incriminating evidence to another person if confronted by law enforcement.

## PROBABLE CAUSE

6. Your Affiant is currently participating in an investigation of Gerald GREEN JR., AKA "G-Villain," (hereinafter "GREEN") for illegal drug trafficking in the Eastern District of Tennessee. An investigation conducted by the ATF has identified GREEN as operating in the Eastern District of Tennessee, and as being responsible for the distribution of marijuana, cocaine base, and cocaine. The investigation was initiated by the development of information given by an ATF CI. The CI has previously provided reliable information regarding individuals selling narcotics. The CI has also provided information regarding criminal activity which has been independently corroborated by other agents/officers as accurate. Accordingly, your Affiant submits that the CI has proven reliable

7. In May of 2016, the CI provided ATF special agents with information that GREEN frequently sells marijuana, cocaine base, and cocaine powder throughout Chattanooga, TN. The CI stated that he/she has been present when GREEN JR. has previously sold marijuana, cocaine base, and cocaine powder, and that GREEN is known to associate with and supply street gang members throughout the Chattanooga, TN, area with marijuana, cocaine base, and cocaine. The CI has also made monitored telephone communications with GREEN to arrange drug transactions. The CI additionally stated that GREEN is known to store and sell narcotics at various "stash houses" throughout Chattanooga, TN, to include 3212-B 12th Avenue, Chattanooga, TN 37407. According to the CI, he/she has previously purchased marijuana and cocaine base from GREEN at 3212-B 12th Avenue, and knows GREEN to store additional narcotics inside the residence.

8. The CI has made at least six controlled purchases from GREEN of marijuana, cocaine base, and cocaine, with the most recent controlled purchase occurring within the 72 hours preceding the submission of this affidavit for a search warrant. During each controlled purchase, the following controls were put in place:

2

a. Prior to each controlled purchase, under the direction and control of your Affiant, the CI met with your Affiant at a pre-determined location and was physically checked or searched by your Affiant or another law enforcement officer for any type of contraband.

b. The CI was provided with official government funds to purchase narcotics from GREEN.

c. The CI was outfitted with an audio listening device, which was monitored by your Affiant during each controlled purchase.

d. Law enforcement maintained a constant visual of the CI and his/her vehicle from the pre-buy location to the meeting location for each narcotics purchase.

e. Following each controlled purchase, the CI was surveilled by your Affiant and law enforcement assisting with the operation to a predetermined location, where a law enforcement officer immediately retrieved narcotics and the audio listening device from the CI.

f. A constant visual of the CI was maintained at all times. The CI was additionally searched or checked for contraband by your Affiant or another law enforcement officer following each controlled purchase.

9. During the controlled purchase that occurred within the past 72 hours, ATF Agents and law enforcement assisting with the investigation surveilled the CI directly from the predetermined location to 3212-B 12th Avenue. Law enforcement maintained a constant visual of the CI from the pre-buy location to 3212-B 12th Avenue. At no time did the CI make any stops, nor was the CI observed interacting with anyone else prior to arriving at 3212-B 12th Avenue.

10. Once at 3212-B 12th Avenue, your Affiant observed the CI park his/her vehicle in front of 3212-B 12th Avenue and enter the residence. A 2012 black Mercedes sedan, TN Tag W96-01L, known by your Affiant to be consistently driven by GREEN was also parked in front of the aforementioned residence at 3212-B 12th Avenue. After several minutes, your Affiant observed the CI exit 3212-B 12th Avenue, return to his/her vehicle, and depart the residence.

11. The CI was surveilled directly to a predetermined location, where law enforcement assisting with the operation immediately retrieved marijuana, cocaine, and the audio listening device from the CI. The CI and his/her vehicle were additionally checked for any weapons and contraband.

12. In addition to the controlled purchases, surveillance conducted by your Affiant has identified a 2012 black Mercedes sedan, TN TAG W96-01L, that is known to be driven by GREEN to

3

be parked in front of 3212 12th Avenue at various times throughout the day and night. GREEN has also been observed by your Affiant coming and going from 3212 12th Avenue.

13. WHEREFORE, based upon the facts detailed above, together with my training and experience in drug trafficking investigations, I believe and submit there is probable cause to believe that the premises, including the residence, outbuildings, vehicles, and curtilage located herein described will contain evidence of drug trafficking, particularly of marijuana and cocaine HCL in violation of Title 21, United States Code, Section 841. These fruits, evidence and instrumentalities of crimes against the United States of America are described with particularity in Attachment B.

Adam Baldwin/ATF Special Agent

Sworn to and subscribed before me this 4th day of August, 2016.

Christopher H. Steger
United States Magistrate Judge